MARY A. WARD, ADMINISTRATRIX

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Washington.    Opinion, June 26, 1933.

*Hinckley, Hinckley and Shesong,* for plaintiffs.
*Perkins & Weeks,*
*Harold H. Murchie,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAX-
TER, JJ.

PATTANGALL, C. J. On report. Action brought under Federal
Employers' Liability Act for the benefit of the widow and children
of plaintiff's intestate who was instantly killed while employed by
defendant in construction work on a bridge on its line. The statute
relied upon is admittedly applicable.

Since a full statement of the facts in the case will be found in
*Ward, Admrx.* v. *R. R. Co.,* 131 Me., 396, 163 A., 273, it is unnec-
essary to repeat them here.

In that opinion every issue raised by the pleadings was finally
decided with the exception of one which was not properly before
the Court at that time but which is now presented for our consid-
eration.

Plaintiff's writ contained a count declaring that defendant was negligent in that its superintendent failed to inform plaintiff's intestate that the train which struck and killed him was on its way to the point of contact where it might be expected to arrive in fifteen or twenty minutes. At the original trial the presiding Justice declined to submit this question to the jury on the ground that the evidence submitted was not sufficient to support the allegation. Exception was noted but, verdict being for plaintiff, was not brought forward.

The verdict having been set aside and new trial ordered, the parties elected to present the case again on the old record, on report, so that this Court might pass upon the undecided question. The evidence relating to it fails to establish negligence on defendant's part and we are obliged to adhere to the view formerly expressed by us that the sole proximate cause of the death of plaintiff's intestate was his own negligence.

It appears that the superintendent knew of the movement of the train, that after having received the information he was at or near the compressor about which deceased was working, and that the facts were not communicated to plaintiff's intestate; but we can neither conclude that the omission constituted negligence nor that, even if such were the case, it was the proximate cause of the injury which followed.

Plaintiff's intestate, an experienced railroad worker, employed on that job for several days, knew that the train was likely to come along at any moment. He had a plain view for several hundred feet of the track over which it must pass to reach the point where he stood. He was near the end of the bridge over which the train must proceed and upon which no one could safely walk while the train was crossing. His familiarity with the surroundings and his knowledge of the danger incident to the situation were such that no word of warning was necessary to prevent him from following the course of action which resulted in his death.

Under certain circumstances, it is the duty of the employer to warn the employee of dangers to which he is or may be subjected. This duty is not, however, absolute. Its existence depends upon the age, understanding and experience of the employee and the character of the danger. In order to create a duty of warning and

instruction, the danger must be one that is known to the employer and unknown to the employee, there being no duty of warning and instruction if it is obvious or if the employee possesses knowledge of the risk to which he is subjected. The rule requiring the employer to instruct his employee and to warn him is only for the purpose of supplying him with information which he is not presumed to have, and if it is shown that the employee did in fact possess the knowledge, the failure to warn can in no sense be said to be the proximate cause of the injury; and if not the proximate cause of the injury, of course there can not be actionable negligence. The employee is presumed to see and understand all dangers that a prudent and intelligent person of the same age and experience and with the same capacity for estimating their significance would see and understand; and if he neglects to observe the perils of his employment, the fault is his own, not that of the employer. It is unnecessary to cite authorities in support of these well established legal principles. Applying them to the instant case, we reach the result above stated.

*Judgment for defendant.*