Burden McBurnie

*vs.*

John H. Northrup and Harold Umphrey.

Aroostook.　Opinion, August 4, 1942.

150

*Donald N. Sweeney,*

*George B. Barnes,* for the plaintiff.

*Granville C. Gray,* for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

STURGIS, C. J. Exceptions to an order of nonsuit in an action of negligence tried in the Superior Court at Houlton in and for Aroostook County.

The plaintiff, Burden McBurnie, employed at Presque Isle by one W. L. Christie, on November 10, 1939, was borrowed by Harold Umphrey, one of the partners of the firm of Northrup & Umphrey, to assist in hauling a truck out of a ditch into which it had slid from a wood road. McBurnie was about sixty years old, a farm hand and teamster apparently of ordinary intelligence and understanding and although he had never driven a truck he had worked around them and seen them operated.

When he reached the truck he joined with others there in an attempt to move it forward, and then went in behind it and pushing on the corner stood directly back of and in line with the right rear wheel which, as he had observed and knew, spun rapidly whenever the power of the truck was applied and was softening up the surface of the rocky road. After work-

ing there a few minutes he was struck in the left leg by a rock dislodged from the road bed and thrown back by the spinning wheel which broke both bones of his leg at the junction of the middle and lower thirds. Medical and hospital expenses paid or incurred, loss of wages and pain and suffering endured are the elements of his damages which resulted.

Although as drawn the declaration of the plaintiff had a broader scope, here and apparently in the court below he has relied on his allegations that as a temporary employee of the defendant firm, Northrup & Umphrey, their negligent failure to warn him of the special dangers and risks incident to his employment was the sole proximate cause of the injuries which he received. As the exception is presented the only question to be determined is whether the case should have been submitted to the jury.

Upon the record it may be found that the plaintiff was temporarily an employee of the defendant firm when he received his injuries. If so this employment was attended with all the legal consequences usually pertaining to the relation of master and servant. *Wyman* v. *Berry*, 106 Me., 43, 75 A., 123, 20 Ann. Cas., 439; *Pease* v. *Gardner*, 113 Me., 264, 268, 93 A., 550; *Frenyea* v. *Steel Products Co.*, 132 Me., 271, 274, 170 A., 515.

Under certain circumstances it is the duty of an employer to warn his employee of dangers to which he is or may be subjected but the duty is not absolute. Its existence depends upon the age, understanding and experience of the employee and the character of the danger. In order to create a duty of warning and instruction the danger must be one that is known to the employer and unknown to the employee, there being no duty of warning and instruction if the danger is obvious or if the employee possesses knowledge of the risk to which he is subjected. Furthermore, the employee is presumed to see and understand all dangers that a prudent and intelligent person of the same age and experience and with the same capacity for estimating their significance would see and understand and

if he neglects to observe the patent perils of his employment the fault is his own and not that of his employer. *Ward* v. *Railroad Co.*, 132 Me., 88, 166 A., 826.

In this case the danger of injury from flying dirt and rocks thrown back by the spinning wheel of the mired truck behind which the injured employee took his stand was so patent that we are convinced that knowledge and full appreciation of it could have been avoided only by gross incapacity and inattention. Assuming, however, as we must, that the employee possessed average intelligence and mental capacity, to hold that he did not see or appreciate that he was incurring danger is to hold that he was too unthinking and inattentive to be in the exercise of due care. It is common knowledge that the tires of rapidly revolving motor vehicle wheels pick up and throw back and upward with great force dirt and oftentimes rocks of substantial size. Although this employee may not have appreciated the exact degree of his danger, ordinary prudence on his part ought to have made him avoid without warning the risk to which he exposed himself. *Jones* v. *Manufacturing Co.*, 92 Me., 565, 43 A., 512, 69 Am. St. Rep., 535.

On the most favorable view of the evidence which can be taken for the plaintiff it was not the failure of his temporary employers to warn him of the dangers incident to his work which was the proximate cause of his injuries for which he here seeks to recover. The order of nonsuit in the trial court was not error.

*Exceptions overruled.*